UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| DAISCIA NICOLE REDMAN, | : | Case No. 2:23-cv-168 |
| | : | |
| Plaintiff, | : | |
| | : | District Judge James L. Graham |
| vs. | : | Magistrate Judge Caroline H. Gentry |
| | : | |
| JEFFERSON COUNTY JAIL, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**ORDER AND REPORT AND RECOMMENDATION**

Plaintiff, an inmate in state custody who is proceeding without the assistance of counsel, filed this civil rights action, which the Court construes as being brought under 42 U.S.C. § 1983.[1] Plaintiff contends that while she was housed at the Jefferson County Jail ("Jail") as a pretrial detainee, the Jail and two of its employees—Captain Shawn Livingston and Lieutenant Jason Fogle—violated her constitutional rights. (Doc. 1). Plaintiff was granted leave to proceed *in forma pauperis* by separate Order. (Doc. 7). This matter is now before the Court to conduct the required initial screen of Plaintiff's Complaint. 28 U.S.C. §§ 1915A(a) & 1915(e)(2).

I.  **LEGAL STANDARD**

Because Plaintiff is a prisoner seeking "redress from a governmental entity or officer or employee of a governmental entity," the Court must screen the Complaint to determine whether it, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a

---

[1] Section 1983 authorizes lawsuits "against any person who, under color of state law, 'subjects, or causes to be subjected, any citizen of the United States … to the deprivation of any rights, privileges, or immunities secured by the Constitution.'" *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To state a claim for relief under Section 1983, a plaintiff must allege: "(1) a deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008).

claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Prison Litigation Reform Act of 1995 ("PLRA") § 805 (codified at 28 U.S.C. § 1915A(b)); *see McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) ("A district court is required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel as the statute does not differentiate between various civil actions brought by prisoners"); *see also LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

The Court is also required to screen the Complaint because Plaintiff is proceeding *in forma pauperis*. Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, for the purpose of "lower[ing] judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 5, 31 (1992). However, "Congress recognized that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id*. (internal quotations and citation omitted). Therefore, Congress requires federal courts to dismiss *in forma pauperis* complaints "if the court determines that the action … (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous if the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when the plaintiff claims a violation of a legal interest that clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or 'wholly incredible.'" *Denton*,

504 U.S. at 32; *Lawler*, 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional," *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010), or "clearly irrational or wholly incredible." *Ruiz v. Hofbauer*, 325 F. App'x 427, 429-30 (6th Cir. 2009) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)).

To state a claim upon which relief can be granted, a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court must construe the Complaint in Plaintiff's favor, accept all **well-pleaded** factual allegations as true, and determine whether the Complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is **plausible** on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (emphasis added)); *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the "dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim under §§ 1915A(b)(1) and 1915(e)(20(B)(ii)").

Factual allegations are well-pleaded if they are specific and support the plaintiff's claims. *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (courts need not accept "non-specific factual allegations and inferences"). "[A] legal conclusion couched as a factual allegation" is not well-pleaded and need not be accepted as true. *Twombly*, 550 U.S. at 555; *see 16630 Southfield Ltd. Partnership v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013) ("[C]onclusory allegations … that the defendant violated the law" do not state a claim on which relief can be granted); *Frazier*, 41 F. App'x at 764 (6th Cir. 2002) (courts need not accept "unwarranted legal conclusions").

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

3

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also 16630 Southfield Ltd. Partnership v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013) (internal quotations and citation omitted) ("[T]he sufficiency of a complaint turns on its factual content, requiring the plaintiff to plead enough factual matter to raise a plausible inference of wrongdoing."). Whether an inference is plausible "depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Iqbal*, 556 U.S. at 678.

This Court liberally construes a *pro se* complaint and holds it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, a *pro se* complaint must adhere to the "basic pleading essentials." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). For example, "courts should not have to guess at the nature of the claim asserted." *Id*. Instead, the complaint must "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).

## II.     PLAINTIFF'S ALLEGATIONS

The following allegations are taken from Plaintiff's Complaint. As required, they are taken as true for purposes of conducting the initial screen of the Complaint.

Plaintiff was housed as a pretrial detainee at the Jail from late October 2020 to early March 2021. Although the details are unclear, it appears that Plaintiff was initially transported back and forth between the Jail and a facility that is not named as a defendant. She complained about her treatment at the Jail to an inspector at the other facility, who contacted Defendant Livingston. Upon her return to the Jail, where she remained until her trial, she was placed on suicide watch, confined to a restraint chair for 68 consecutive days (and then again both before and during her trial), and placed on telephone and mail restrictions—all as punishment for complaining to the inspector. (Doc. 1, at PageID 5).

When Plaintiff was in the restraint chair, Defendant Livingston came to the booking area almost daily to "torment" her. He kicked the chair when she fell asleep in it, referred to her as "that thing" and "it," and told Plaintiff that she was "never getting out of the chair" and "had a lot of nerve contacting that inspector." Plaintiff did not respond to these comments because she did not want to give Defendant Livingston the satisfaction. (Doc. 1, at PageID 6).

According to Plaintiff, most of the Jail staff did not know the procedures for using the restraint chair and simply made up the rules. For example, some staff members let her out of the chair and allowed her to walk around every four to six hours, while others refused to let her out of the chair for the duration of their eight-hour shift. One staff member who "tried being more humane" was "reprimanded by their superior." (Doc. 1, at PageID 6).

As a result of being forced to remain in the chair, Plaintiff suffered from "sleep deprivation, dehydration, swelling in [her] feet and legs, hemorrhoids, malnutrition, and psychological torture." (Doc. 1, at PageID 5). These medical conditions were often left untreated at the instructions of Defendants Livingston and Fogle. Plaintiff also claims that a nurse, who is not named as a defendant, "enjoyed making conditions worse and making remarks whenever she was in the booking area." (Doc. 1, at PageID 6).

At some point, Defendant Fogle "reluctantly freed" Plaintiff from the restraint chair. However, Defendant Livingston placed her back in the restraint chair the day before her trial, as well as during her trial, in order to disorient her and deprive her of sleep. (Doc. 1, at PageID 6-7.) Also, Defendant Fogle refused to take Plaintiff off suicide watch for weeks after he freed her from the restraint chair. While on suicide watch, Plaintiff was denied a shower for up to eight days, denied the use of a restroom for up to nine hours, and denied feminine hygiene products and toiletries (Doc. 1, at PageID 5-7), For months, the only food that Plaintiff received was

5

peanut butter and jelly sandwiches, and her trays were thrown onto the floor. (Doc. 1, at PageID 5). Plaintiff's telephone and mail privileges were never restored because of "fear [she] would again report their cruel and unusual punishment to the inspector." (Doc. 1, at PageID 6).

For relief, Plaintiff seeks money damages and injunctive relief that changes the Jail's restraint procedures. (Doc. 1, at PageID 8). Because the Complaint demands monetary and injunctive relief, the Court understands Plaintiff to be suing the individual Defendants in both their individual and official capacities.[2] *Fox v. Lumpkin*, No. 1:21-CV-00029, 2023 WL 4769509, at *2 (N.D. Tex. May 26, 2023), *report and recommendation adopted*, No. 1:21-CV-00029, 2023 WL 4768692 (N.D. Tex. July 26, 2023). Therefore, the Clerk of Court is directed to update the docket sheet to reflect that Defendant Livingston and Defendant Fogle are being sued in their official and individual capacities.

### III. ANALYSIS

The Court liberally construes the Complaint as asserting six claims under Section 1983 and the United States Constitution: (1) a First Amendment retaliation claim based upon actions Defendants took because Plaintiff complained to an inspector about her treatment at the Jail ("Retaliation Claim"); (2) a First Amendment free speech claim based upon restrictions placed on her telephone and mail privileges ("Free Speech Claim"); (3) a Fourteenth Amendment[3]

---

[2] "While '[p]ersonal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law,' individuals sued in their official capacities stand in the shoes of the entity they represent." *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). Thus, "[a] suit against an individual in his official capacity is the equivalent of a suit against the governmental entity." *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (citing *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 68 (1989)).

[3] "The Fourteenth Amendment applies to conditions-of-confinement claims brought by pretrial detainees." *Bensfield v. Murray*, No. 4:21-cv-P104, 2022 WL 508902, at *2 (W.D. Ky. Feb. 18, 2022) (citing *Brawner v. Scott Cty.*, 14 F.4th 585, 591 (6th Cir. 2021)). Under the protection guaranteed by the Due Process Clause of the Fourteenth Amendment, a pretrial detainee must not be punished in any manner prior to a lawful conviction. *See Bell v. Wolfish*, 441 U.S. 520, 536-37 (1970).

claim based upon deliberate indifference to her need for medical treatment ("Deliberate Indifference Claim"); (4) a Fourteenth Amendment claim based upon the allegedly unlawful use of the restraint chair ("Restraint Chair Claim"); (5) a Fourteenth Amendment claim based upon other conditions of confinement imposed on Plaintiff while she was on suicide watch ("Conditions of Confinement Claim"); and (6) a Fourteenth Amendment claim based upon inadequate training of Jail staff on the use of restraint chairs ("Failure-To-Train Claim"). The Court also construes the Complaint as seeking to establish municipal liability under *Monell v. Dept. of Soc. Serv.*, 436 U.S. 658 (1978).

At this stage in the proceedings, without the benefit of briefing by the parties to this action, and in an abundance of caution, the undersigned recommends that the following claims may proceed for further development: Plaintiff's Retaliation Claim,[4] Free Speech Claim,[5] and Restraint Chair Claim[6] against Defendants Livingston and Fogle in their individual and official capacities; and Plaintiff's Failure-To-Train Claim[7] against Defendants Livingston and Fogle in their official capacities only, which will require a showing that *Monell*'s municipal liability requirements are satisfied. **The Court cautions Plaintiff that its initial screening determination is preliminary and is not a decision on the merits, and that Defendants may**

---

[4]*See, e.g., Hastings v. May*, No. 2:09-CV-00187, 2010 WL 6560269, at *6 (E.D. Ark. Nov. 26, 2010), *report and recommendation adopted*, No. 2:09CV00187, 2011 WL 1575605 (E.D. Ark. Apr. 25, 2011) (allowing retaliation claim to proceed where "Plaintiff states he was demanding medical help and, in retaliation for his demands, Jailers placed him in the restraint chair to quiet him.").

[5]*See Washington v. Reno*, 35 F.3d 1093, 1100 (6th Cir. 1994) (recognizing that prisoner's "retain their First Amendment rights to communicate with family and friends" and to "reasonable access to the telephone") (internal quotations omitted).

[6]*See Assi v. Hanshaw*, 625 F. Supp. 3d 722, 745 (S.D. Ohio 2022) (setting forth standard for excessive-force and failure-to-intervene claims in context of use of restraint chair on pretrial detainee).

[7]*See Anderson v. Jones*, 440 F. Supp. 3d 819, 835-40 (S.D. Ohio 2020) (setting forth standard for a municipal-liability claim based on inadequate training).

**still move to dismiss one or more of these claims.** In addition, for the reasons set forth below, the undersigned recommends that Plaintiff's remaining claims be dismissed.

As an initial matter, to the extent that Plaintiff seeks to assert claims against individuals or entities who are not named as Defendants in the caption of the Complaint, all such claims should be dismissed <u>without prejudice</u>. *See Wilkins v. S. Ohio Corr. Facility*, No. 1:22-CV-18, 2022 WL 2072907, at *2 n.2 (S.D. Ohio June 9, 2022), *report and recommendation adopted*, No. 1:22CV18, 2022 WL 3021817 (S.D. Ohio July 29, 2022).

Claims against the Jail should be dismissed <u>with prejudice</u> because a jail or correctional facility is not a "person" who may be sued under Section 1983. *See Parker v. Michigan Dept. of Corrections,* 65 F. App'x. 922, 923 (6th Cir. 2003) (Department of Corrections not a "person" under Section 1983); *Powell v. Cook County Jail,* 814 F. Supp. 757, 758 (N.D. Ill. 1993) (jail not a "person" under Section 1983).

The Deliberate Indifference Claim should be dismissed <u>without prejudice</u> because the Plaintiff's factual allegations are insufficient to state a claim upon which relief may be granted. To assert a deliberate indifference claim, a pretrial detainee must allege facts that show "[a] defendant . . . not only acted deliberately (not accidentally), but also recklessly 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Brawner v. Scott Cty., Tenn.*, 14 F.4th 585, 596 (6th Cir. 2021) (quoting *Farmer v. Brennan*, 511 U.S. 825, 836 (1994)). Here, the entirety of Plaintiff's deliberate-indifference allegations are as follows: "My medical problems most times went untreated and ignored under the instruction of Lieutenant Fogle and Captain Livingston." (Doc. 1, at PageID 6). Under the applicable legal standard, these barebones factual allegations are inadequate to support a plausible claim of deliberate indifference to a serious medical need. *See Iqbal*, 556 U.S. at 678.

The Conditions Of Confinement Claim should be dismissed <u>without prejudice</u> because Plaintiff's factual allegations regarding personal hygiene (i.e., no access to a shower for up to eight days, no access to a restroom for up to nine hours, and no access to feminine products or toiletries for an indeterminate length of time) are insufficient to state a claim upon which relief may be granted. *See Farmer v. Parker*, No. 2:21-CV-152, 2022 WL 456796, at *4 (E.D. Tenn. Feb. 14, 2022) (deprivation of a shower for a week did not violate the Constitution); *Richmond v. Settles*, 450 F. App'x 448, 455 (6th Cir. 2011) ("deprivation of a shower and other personal hygiene items for a 'brief span of time' . . . is not actionable conduct") (quoting *Siller v. Dean*, 205 F.3d 1341 (6th Cir. 2000)); *Mack v. Chandler*, No. 16 C 50036, 2016 WL 2866146, at *3 (N.D. Ill. May 17, 2016) ("a one-time denial of bathroom facilities" did not meet objective prong of similar Eighth Amendment standard); *Partee v. Cain*, No. 92 C 4838, 1999 WL 965416, at *8 (N.D. Ill. Sept. 30, 1999) ("Not being allowed to use bathroom facilities when he needed to and subsequently urinating on himself was undoubtedly unpleasant and humiliating. However, this appears to be nothing more than a temporary inconvenience, which is not a violation of a constitutional right.") (citing *Johnson v. Pelker*, 891 F.2d 136, 138-39 (7th Cir.1989)).

Similarly, Plaintiff's allegation that she was limited to a diet of peanut butter and jelly sandwiches for months is insufficient to state a constitutional claim. *See Balcar v. Smith*, No. 3:16-CV-P428, 2017 WL 380931, at *3 (W.D. Ky. Jan. 26, 2017) ("[W]hile Plaintiff may wish the prison menu had more variety, prison food is not required to be tasty or widely varied.") (citing *Cunningham v. Jones*, 567 F.2d 653, 659-60 (6th Cir. 1977)) (applying similar Eighth Amendment standard). Likewise, Plaintiff's allegation that her trays were thrown onto the floor, without more, is insufficient to state a plausible claim. *See Rice v. Jones*, No. 1:22-CV-695, 2023 WL 2477594, at *11 (S.D. Ohio Mar. 13, 2023), *report and recommendation adopted*, No.

1:22-CV-695, 2023 WL 3151861 (S.D. Ohio Mar. 31, 2023), *appeal dismissed*, No. 23-3373, 2023 WL 5273936 (6th Cir. June 6, 2023) ("Nor can the Court infer a Fourteenth Amendment violation from plaintiff's vague and conclusory allegation that [the defendant] "threw" a food tray at him."). Further, Plaintiff has not alleged facts from which the Court can infer that the individual Defendants were aware of these alleged conditions. *See Brawner*, 14 F.4th at 596.

## IV. CONCLUSION

In sum, the undersigned concludes that any claims against unnamed individuals or entities should be dismissed without prejudice to renewal; Plaintiff's claims against Defendant Jail should be dismissed with prejudice to renewal; and Plaintiff's Deliberate Indifference and Condition of Confinement Claims should be dismissed without prejudice to renewal.

The undersigned further concludes that at this early juncture, Plaintiff may proceed with litigating her Retaliation, Free Speech and Restraint Chair Claims against Defendants Livingston and Fogle in their individual and official capacities, and her Failure-To-Train claim against Defendants Livingston and Fogle in their official capacities only. Plaintiff has, however, failed to provide summons or U.S. Marshal forms for Defendants Livingston and Fogle.[8] The Court shall therefore order Plaintiff to submit, within thirty (30) days of the date of this Order, completed summons and U.S. Marshal forms for Defendants Shawn Livingston and Jason Fogle.

**IT IS THEREFORE RECOMMENDED THAT:**

1. All claims against Defendant Jail be dismissed with prejudice to renewal;

2. All claims against entities or individuals not named in the caption of the Complaint be dismissed without prejudice to renewal;

---

[8] Although plaintiff did provide a single summons form for "Jefferson County Jail, *et al*.," she must provide a separate summons form as well as a U.S. Marshall form for each defendant.

10

3. Plaintiff's Fourteenth Amendment conditions-of-confinement claim be dismissed without prejudice to renewal;

4. Plaintiff's Fourteenth Amendment claim for deliberate indifference to a serious medical need be dismissed without prejudice to renewal;

5. Plaintiff's Fourteenth Amendment claim for excessive-force and/or deliberate indifference based upon use of the restraint chair be permitted to proceed against the individual Defendants in their individual and official capacities;

6. Plaintiff's First Amendment retaliation claim be permitted to proceed against the individual Defendants in their individual and official capacities;

7. Plaintiff's First Amendment free speech claim be permitted to proceed against the individual Defendants in their individual and official capacities;

8. Plaintiff's Fourteenth Amendment failure-to-train claim be permitted to proceed against the individual Defendants in their official capacities only; and

9. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds*, *Jones v. Bock*, 549 U.S. 199, 203 (2007).

**IT IS THEREFORE ORDERED THAT:**

1. Within **thirty (30) days** of the date of this Order, plaintiff **SHALL** submit completed summons and U.S. Marshal forms for defendants Shawn Livingston and Jason Fogle.

2. The **Clerk of Court** is **DIRECTED** to send plaintiff two summons forms and two U.S. Marshal forms.

3. Upon receipt of the completed summons and U.S. Marshal forms, the Court **ORDERS** service of process by the United States Marshal as directed by Plaintiff.

4. The Clerk of Court is **DIRECTED** to update the docket sheet to reflect that Defendant Livingston and Defendant Fogle are being sued in their official and individual capacities.

5. Plaintiff shall serve upon Defendants or, if an appearance has been entered by counsel, upon Defendants' attorney(s), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate of service stating the date a true and correct copy of any document was mailed to Defendants or Defendants' counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

6. Plaintiff shall inform the Court promptly of any changes in her address which may occur during the pendency of this lawsuit.

## PROCEDURE ON OBJECTIONS:

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the

assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

October 19, 2023  /s/ *Caroline H. Gentry*
Caroline H. Gentry
UNITED STATES MAGISTRATE JUDGE