IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **DAISCIA NICOLE REDMAN,** | |
| Plaintiff, | Case No. 2:23-cv-168 |
| v. | Judge James L. Graham |
| **JEFFERSON COUNTY JAIL, et al.,** | Magistrate Judge Gentry |
| Defendants. | |

**ORDER**

This matter is before the Court for consideration of the assigned Magistrate Judge's October 19, 2023 Report and Recommendation ("R&R"), Doc. 8. Plaintiff Daiscia Redman, who is proceeding without the assistance of counsel, brings this action against Jefferson County Jail, Caption Shawn Livingston, and Lieutenant Jason Fogle, for conduct that occurred while she was detained at Jefferson County Jail.

**I.     Factual Allegations**

The allegations in Ms. Redman's complaint are taken as true for purposes of this Order.

Ms. Redman was housed at Jefferson County Jail from late October 2020 to early March 2021. At one point, she complained to a jail inspector about the treatment she received at Jefferson County Jail. After Defendant Livingston learned of Ms. Redman's complaint, he retaliated against her by placing her on suicide watch, confining her to a restraint chair for 68 consecutive days, and restricting her telephone and mail access. Doc. 1 at 5. While confined in the restraint chair, Defendant Livingston would torment her daily. He would kick the chair when she fell asleep, referred to her as "that thing" and "it," and told her that she was "never getting out of the chair" and "had a lot of nerve contacting that inspector." Doc. 1 at 6.

The staff at Jefferson County Jail did not know the procedures for using a restraint chair. Some would let her walk around every four to six hours, while others refused to let her out of the chair during their eight-hour shift. *Id.* One staff member was reprimanded for being too humane. *Id.* As a result of being confined in the restraint chair, Ms. Redman suffered from "sleep deprivation, dehydration, swelling in [her] feet and legs, hemorrhoids, malnutrition, and psychological torture. *Id.* at 5. These medical conditions were left untreated at the instructions of Defendants Livingston and Fogle. *Id.* at 6.

At some point, Ms. Redman was released from the restraint chair. However, Defendant Livingston placed her back in the restraint chair the day before her trial, as well as during her trial, to disorient her and deprive her of sleep. *Id.* at 6-7. While on suicide watch, she was denied a shower for up to eight days, denied the use of a restroom for up to nine hours, and denied feminine hygiene products and toiletries. Doc. 1 at 5-7. And for months she was provided only peanut butter and jelly sandwiches to eat on trays which were thrown onto the floor. *Id.* at 6.

## II.     Magistrate Judge's R&R

The Magistrate Judge performed a *sua sponte* review of Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). She construed Ms. Redman's complaint as asserting six claims under § 1983 and the United States Constitution: (1) a First Amendment retaliation claim based upon actions Defendants took because Ms. Redman complained to an inspector about her treatment at the Jail ("Retaliation Claim"); (2) a First Amendment free speech claim based upon restrictions placed on her telephone and mail privileges ("Free Speech Claim"); (3) a Fourteenth Amendment claim based upon deliberate indifference to her need for medical treatment ("Deliberate Indifference Claim"); (4) a Fourteenth Amendment claim based upon the allegedly unlawful use of the restraint chair ("Restraint Chair Claim"); (5) a Fourteenth Amendment claim

based upon other conditions of confinement imposed on Plaintiff while she was on suicide watch ("Conditions of Confinement Claim"); and (6) a Fourteenth Amendment claim based upon inadequate training of Jail staff on the use of restraint chairs ("Failure-To-Train Claim").

After carefully reviewing each claim, the Magistrate Judge recommended in her R&R that:

1. All claims against Defendant Jail be dismissed with prejudice to renewal;
2. All claims against entities or individuals not named in the caption of the Complaint be dismissed without prejudice to renewal;
3. Plaintiff's Fourteenth Amendment conditions-of-confinement claim be dismissed without prejudice to renewal;
4. Plaintiff's Fourteenth Amendment claim for deliberate indifference to a serious medical need be dismissed without prejudice to renewal;
5. Plaintiff's Fourteenth Amendment claim for excessive-force and/or deliberate indifference based upon use of the restraint chair be permitted to proceed against the individual Defendants in their individual and official capacities;
6. Plaintiff's First Amendment retaliation claim be permitted to proceed against the individual Defendants in their individual and official capacities;
7. Plaintiff's First Amendment free speech claim be permitted to proceed against the individual Defendants in their individual and official capacities;
8. Plaintiff's Fourteenth Amendment failure-to-train claim be permitted to proceed against the individual Defendants in their official capacities only; and
9. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), overruled on other grounds, *Jones v. Bock*, 549 U.S. 199, 203 (2007).

Doc. 8 at 10-11.

### III. Standard of Review

The R&R specifically advised that the parties have 14 days after receiving the R&R to file written objections. The deadline for filing objections to the R&R has expired, and no party has objected to the R&R. When no objections are timely filed, a district court reviews a magistrate judge's report and recommendation for clear error. Fed. R. Civ. P. 72, advisory committee note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

3

IV.     **Review of R&R**

The Court has reviewed the R&R, found no clear error, and agrees with the Magistrate Judge. The R&R, Doc. 8, is therefore **ADOPTED**. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order adopting the R&R would not be taken in good faith.

**IT IS SO ORDERED**.

s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: November 20, 2023