# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| DAISCIA NICOLE REDMAN, | Case No. 2:23-cv-00168 |
| Plaintiff, | Judge James L. Graham |
| vs. | Magistrate Judge Caroline H. Gentry |
| JEFFERSON COUNTY JAIL, *et al.*, | |
| Defendants. | |

## ORDER COMPELLING DISCOVERY

This civil rights case was filed *pro se* by Daiscia Redman. She alleges, among other things, that while in pre-trial custody at the Jefferson County Jail, she was on suicide watch and held in a restraint chair from October 28, 2020 to March 1, 2021. (*See generally* Complaint, Doc. No. 1; Report and Recommendation, Doc. No. 8 at PageID 39-41.)

Plaintiff recently filed a document titled "Response to Documents Produced For Discovery," which the Court **CONSTRUES** as a Motion to Compel Discovery. (Doc. No. 30.) In the Motion, Plaintiff asks the Court to take two actions. First, she asks the Court to "remove" certain information from the discovery materials Defendants produced that are irrelevant to her case. (*Id*. at PageID 105-106.) This request is **DENIED** because it is unnecessary. Discovery materials have not been presented to the Court at this time. If Plaintiff believes some materials are irrelevant, she need not present them.

Second, Plaintiff asks the Court to compel Defendants to produce the "suicide watch logs" and "restraint chair logs" that she previously requested. (Doc. No. 30 at PageID 106-107; *see also* Doc. No. 25 at PageID 93.) She seeks the logs from October 28, 2020 to March 1, 2021.[1] (*Id.*)

In response, Defendants represent that they have produced "all the relevant logs between October 28, 2020 and December 17, 2020." (Doc. No. 32 at 114 [emphasis added].) They state:

> [T]he focus of Plaintiff's complaint in this case is the time she spent in a restraint claim following October 28, 2020. Defendants' records show that Plaintiff was out of the restraint chair by December 1, 2020. Defendants provided 16 additional days of records beyond December 1 to show that Plaintiff's release from the restraint chair was not just temporary. This production amounts to about 600 pages of records. Defendants do not believe that it is proportional to the needs of the case for them to have to produce what would likely amount to another 1,000 pages of shift logs.

(*Id.*)

Plaintiff, however, notes that she was not released from suicide watch until January 2021. She also says she was placed in restraints a second time prior to and during her state trial. (Doc. No. 30 at PageID 107; *see also* Complaint, Doc. No. 1 at PageID 6 ["Captain Livingston again placed me in the restraint chair the day before and during my trial…"].) Her state trial began on February 23, 2021. *State of Ohio v. Daiscia N.*

---

[1] Plaintiff's filing erroneously uses the year 2020 a few times when context makes clear that she means 2021. For instance, in her Motion to Compel, she says that she asked for logs for the time period of "October 28, 2020 to March 1, 2020." (Doc. No. 30 at PageID 106 [emphasis added].) It is clear from context that she means March 21, 2021. Defendants do not appear to have been confused by this scrivener's error. (*See* Response to Motion to Compel, Doc. No. 32 at PageID 113 [noting that Plaintiff sought logs "during October 28, 2020 to March 1, 2021"].)

2

*Redman*, 2022-Ohio-4750, ¶ 8 (7th Dist.) ("The matter proceeded to a jury trial on February 23, 2021.").

In their response to the Motion to Compel, Defendants appear to only be considering one part of Plaintiff's claim. (Doc. No. 32.) The undersigned finds that it is not disproportionate in any sense to require Defendants to provide discovery on the remaining parts of Plaintiff's claim.

Accordingly, the Court **GRANTS** the second request in the Motion to Compel. (Doc. No. 30.) Defendants shall produce to Plaintiff:

1. the remaining "suicide watch logs" requested, including those from December 18, 2020 to March 1, 2021.

2. the remaining "restraint chair logs" requested, including those from December 18, 2020 to March 1, 2021.

Defendants shall do so **within twenty-one (21) days** of this Order.[2]

   **IT IS SO ORDERED**.

*s/Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge

---

[2] The undersigned acknowledges Defendants' argument that Plaintiff failed to comply with the rules concerning good faith conferral before bringing disputes to the Court. (*See* Doc. No. 32 at PageID 111.) The situation before the Court is somewhat different than the usual discovery dispute, however. The Court has already intervened in discovery. The Court held a videoconference with the parties on February 18, 2025, at which Defendants agreed to respond to Plaintiff's discovery requests—including the one she now brings to the Court—within 30 days. (*See* Minute Entry.) Given that, as well as the proximity of the thrice-extended discovery deadline and Defendants' clear obligation to respond, the undersigned declines to require Plaintiff to jump through an additional hoop at this time.